**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID LAPA on behalf of himself, all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company<br><br>    Defendant. | Case No.:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF NEW YORK'S UNFAIR AND DECEPTIVE BUSINESS PRACTICES LAW, FALSE ADVERTISING LAW, NEGLIGENT AND INTENTIONAL MISREPRESENTATION, AND RESTITUTION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff DAVID LAPA (hereinafter referred to as "Plaintiff" or "Plaintiff LAPA"), on behalf of himself, all others similarly situated, and the general public, by and through his undersigned counsel, hereby bring this action against MASSAGE ENVY FRANCHISING, LLC (hereinafter referred to as "Massage Envy"), and allege the following upon his own knowledge, or where he lacks personal knowledge, upon information and belief including the investigation of their counsel.

**INTRODUCTION**

1.      Massage Envy is a membership-based massage franchise that, by its standard business practices, attracts customers to join its program that entitles members to receive one fifty minute massage per month in exchange for a monthly fee that ranges between approximately $39.00 to $59.00 (depending on geographic region).   Upon a consumer enrolling in Defendant's membership program, they must execute a Membership Agreement form that states in substantially identical language that:

For those choosing to pay on a monthly basis: "[y]our membership dues of $[X dollar amount] (not including any additional applicable taxes) are due on or after the _____ day of each month hereafter *until your membership expires or is terminated in accordance with this agreement* (Emphasis added)."

For those choosing to pay in full for a given term: "[y]our payment of $[X dollar amount] is due today."

In other words, a customer contracts to pay an explicit, set fee for the entire membership term, payable either in one lump sum or in equal monthly installments (based on the length of the term in the Membership Agreement).

2.    When the initial term of the Membership Agreement expires, a customer's membership is automatically renewed pursuant to the Membership Agreement form, stating in nearly identical language that "[f]ollowing the initial term, your membership will automatically continue on a month-to-month basis at $[X dollar amount] per month *until your membership is cancelled* (Emphasis added)."  The Membership Agreement thereby represents that a Massage Envy customer will pay a set, agreed upon monthly fee until their Membership Agreement is cancelled.  The automatic renewal provision is also one of only two provisions in the Membership Agreement that are required to be initialed by the consumer at the time the contract is executed.

3.    Defendant has failed to abide by its contract.  After execution of the Membership Agreement locking in the monthly membership fee amount (both for the original term and renewal term(s)), Massage Envy unilaterally raises the monthly membership fee amount without consent of the customer.  Defendant has continued to increase its membership fees without justification (and at times without notice) in some cases over thirty-five percent.  As a result, Defendant has collected millions of dollars attributable to monthly membership fees without a contractual provision allowing the fee increases to occur.  Often, Massage

Envy customers do not know that their obligated payments have increased to an amount greater than contractually imposed on them due to the nature of Defendant's automatic billing.

4.    Defendant's business model makes it very difficult for a member to discontinue the membership in order to avoid the increased fee (if noticed) as Defendant requires customers to prepay for their massages.  This results in many customers having a "bank" of accrued massages that must be used before cancellation of their membership and thus a corresponding loss of these earlier prepaid massages when they cancel.

5.    Given the limited ability of the customers to immediately terminate the Membership Agreement (assuming the fee increase is noticed), Plaintiff and the putative Class pay an amount far greater than the contracted obligation.  The Membership Agreement restricts a member's ability to cancel the contract during the initial term, allowing cancellation if, and only if: (1) the member permanently relocates their residence more than 25 miles from any Massage Envy or Massage Envy Spa or (2) a physician certifies that the member is physically unable to receive massage services, both circumstances dependent on approval by Defendant.  Cancellations require 30 days written notice and only become effective 30 days after the date of the member's last payment.

6.    Accordingly, Plaintiff bring this class action to remedy Defendant's unlawful practices.  Defendant's unilateral price increases breach the customer's Membership Agreement.

7.    Furthermore, Defendant's unilateral price increases violate Massage Envy's implied covenant of good faith and fair dealing given the law of the State of New York.

8.      Relative to the New York class, Massage Envy's practice of agreeing to a set monthly membership fee for the duration of a customer's membership followed by a unilateral fee increase is prohibited by N.Y. Gen. Bus. L. § 349 and § 350 as described herein below.

9.      This class action seeks restitution of all fees paid by Defendant's customers in excess of the contracted amounts set forth in their Membership Agreements, injunctive relief preventing the recurrence and perpetuation of Defendant's improper conduct, declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, and such other relief as allowed by law or equity.

## INTRADISTRICT ASSIGNMENT

10.     Pursuant to Local Civil Rule 50.1(d)(2)(b)(1), this action is properly assigned to the Manhattan Courthouse, because, as further set forth herein, a substantial part of the events or omissions giving rise to the claims occurred in Rockland County.

## THE PARTIES

11.     Plaintiff DAVID LAPA is a resident of Rockland County, New York.

12.     Defendant Massage Envy is a Delaware Limited Liability Company with its principal place of business in Scottsdale, Arizona. Massage Envy is the franchisor and monitors, regulates, controls, and directs Massage Envy clinics nationally, including in New York.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, at least one member of the class of Plaintiff is a citizen of a State different from Massage Envy.  In addition, more than two-thirds of the members of the class reside in states other than the state in which Defendant is a citizen and less than one-third of the members of the class reside in states other than the state in which this case is filed.  Therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

14.    The Court has personal jurisdiction over Massage Envy, because Defendant is authorized to transact business in New York by the Department of State.  Furthermore, Defendant advertised, marketed, distributed, offered for sale, and sold its services to consumers in New York and the United States, transacting business in New York County, in New York, and throughout the United States, including without limitation through extensive on-the-shelf presence in New York County, and online marketing intended to reach consumers in New York County.  Moreover, Massage Envy has sufficient purposeful, systematic, and continuous minimum contacts with the various states of the United States, including New York, and has sufficiently availed itself of the markets of various states of the United States, including New York, to render the exercise of personal jurisdiction by this Court permissible.

15.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial portion of the acts forming the basis for the claims occurred in this district, and because Massage Envy transacts substantial business generally in this district.

## FACTS

16.    Plaintiff bought a Massage Envy membership at the Massage Envy "clinic" located at 8 Rockland Plaza, Nanuet, New York, on or about October 12, 2011. Plaintiff signed the standardized Membership Agreement providing for a monthly membership fee of $59.00. Plaintiff's contract with Massage Envy had an initial term of twelve months (from October 12, 2011, until October 11, 2012), with automatic renewal that thereafter continued the contract month-to-month at a stated fee of $59.00 per month until his membership was cancelled.

17.    In or around March 2018, Massage Envy unilaterally increased the monthly membership fee amount from $59.00 to $70.00. Plaintiff received no notice of the price increase and failed to notice the increase because it was a recurring charge and the increase amount was small. Plaintiff paid Massage Envy approximately seventy-seven (77) monthly membership fee installments of $59.00 each and four (4) monthly membership fee installments of $70.00.

18.    Massage Envy requires each Massage Envy clinic to (1) use its Membership Agreements, including the requirement that Plaintiff and the Class "agree to pay [Massage Envy] for the membership, goods and services according to the payment schedule above,"[1] (2) abide by its rules, and (3) contribute to funding pools intended for advertising and marketing.

19.    Massage Envy describes itself as a "pioneer and national leader of affordable massage and spa services." In fact, Massage Envy is the world's largest employer of licensed/registered massage therapists, with more than 25,000 therapists providing over

---

[1] The "payment schedule above" refers to the first section of the Membership Agreement titled "Membership Description & Payment Schedule," which is where the contracted monthly membership fee amount is stated, both for the original term and renewal term.

250,000 massages every week.  Massage Envy claims to have provided over 90 million massages, in over 1,000 clinics in the United States, making it the nation's largest massage chain.  Massage Envy has over 1.65 million members.

20.    In 2002, Massage Envy created a consumer massage business model designed to mimic the "health club" membership paradigm.    Unlike a health club, however, Plaintiff and putative Class members do not purchase the right to *access and use Massage Envy's facilities*, instead purchasing a pre-paid, transferrable massage treatment in exchange for a monthly fee ranging from $39.00 to $59.00.    The          "membership" dimension of Defendant's business model arises from the recurring nature of Defendant's monthly charges, not from the exclusivity members receive to use Massage Envy's services.

In fact, non-members can purchase anything from Defendant that Plaintiff and putative Class members can purchase.

21.    When a prospective customer initially visits a Massage Envy clinic, the prospect is offered a massage at an "introductory price."          Immediately after the prospective customer has received their massage treatment and is in a relaxed mood, Defendant's protocol is to then immediately offer the candidate a Massage Envy membership.  The candidate is required to sign Massage Envy's standardized adhesion contract to proceed with membership and must commit to paying the recurring monthly fee that is offered as a one-time, take it or leave it opportunity (the "Membership Agreement").

22.    Plaintiff and each putative Class member has signed the Massage Envy Membership Agreement for personal, family, or household purposes.  The text of Massage Envy's Membership Agreement provides:[2]

---

[2] *Variations in the Membership Agreement are provided in brackets.*

"Your membership dues of $[X dollar amount] (not including any additional applicable taxes) [will be due on ___ and then due on or after the same day of each month / are due on or after the _day of each month] hereafter until your membership expires or is terminated in accordance with this agreement."

"Following the initial term, your membership will automatically continue on a month-to-month basis at [$X dollar amount] per month / the monthly rate] until your membership is cancelled [by you]."

"You agree to pay us for the membership, goods and services according to the payment schedule…."

"You may cancel your membership during the initial term only in the event that, (a) you permanently relocate your residence more than a 25 mile radius away from any Massage Envy or Massage Envy Spa; or (b) a physician certifies that you are unable to receive massage or facial services. All cancellation requests MUST be accompanied by written proof of relocation (e.g., Mortgage or Rental agreement, utility bill, car insurance) or submission of Doctor's note. Upon approval of your written request for membership cancellation during the initial membership term, you will be relieved from making any future membership dues payments."

Each Class member's Massage Envy Membership Agreement is identical, or functionally identical, as to its material terms.

23.    Massage Envy's Membership Agreement contains _an express clause with an explicit, locked in amount that is to be paid each month_ "until [a member's] membership expires or is terminated in accordance with this agreement." The membership fee amount for the initial term as well as the auto-renewed extension term are on the first page of the contract.[3] The first page is the only page to the agreement that is required to be signed by the customer. Additionally, the auto-renewal provision of the agreement, including the monthly fee amount, must be initialed by the new member. Through this process, each member of the Class is purportedly assured that the membership fee amount will never increase once a they execute the agreement and begin making timely payments.

---

[3] The contracts are one page in length, with supplemental terms and conditions sometimes, but not always, being provided. Even when provided, however, the terms and conditions are glossed over by Massage Envy and are not required to be signed by members.

24.     While the Membership Agreement prohibits unilateral increases of the monthly membership dues, Massage Envy unilaterally increases (often without notice or forewarning) the monthly membership fees owed by its members (increases ranging from 1.68% to as high as 37.53%). If Defendant increased the monthly fees eleven dollars, as it did with Plaintiff LAPA, it would be a significant (and illegal) windfall. If Defendant does in fact have approximately 1.65 million members, as represented,[4] an eleven dollar increase in monthly fees yields an additional 217.8 million dollars of annual revenue nationwide.

25.     Defendant's fee increases are not innocent or accidental, but part of a concerted plan to extract as much money from its captive membership base as possible.     The philosophy of Defendant is inchoate as, for example, Defendant makes it as "painful" as possible for customers to cancel a membership. Massage Envy members lose accrued or "banked" massages after cancellation. Further, cancellation is only effective thirty days after the member's home clinic receives written notice in an allowable form. As referenced above, Massage Envy members often are unaware that their membership fee is increasing because Massage Envy requires that customers provide a credit card for automatic billing and does not provide a monthly accounting of membership changes.

26.     Defendant starts its untoward agenda with a small, ninety-nine cent monthly increase, intended to test is customers' price sensitivity and reactions.     After the "test run" Defendant increases its monthly membership fees further. Regardless of the size of the increase, Defendant's actions are unconscionable and/or a violation of the Membership Agreement. Defendant thus uses its members as a corporate ATM – withdrawing an additional monthly payment in excess of the amount stated in the Membership Agreement.

---

[4] https://www.massageenvy.com/newsroom/press-releases/massage-envy-reaches-major-company-milestone-with-100-millionth-service/

27.    Massage Envy's unlawful practices generate numerous Internet complaints, the below samples indicative of complaints about Massage Envy's fee increases:

"I had no idea the rates went up…as told they e-mailed me,,,tThey said they sent me a letter…I    received    neither have   been   with   them   7 year's…I was a valued customer,sometimes went 3 times a month alway's has 2 hours as I went not for relaxing…I went as my disks and muscles needed it…and they are very good at there work…But to spend almost $125-$175 including tip is way way out of my reach…But was told the increase was to pay for the employee's…they depend on tip's and believe me this will fall into play…From a Loyal customer that way feels burned!!!…[*sic*]"[5]

"I just received notice they have changed the $39 to $49 as I go every 3 times month…I now want out of this contract..I was told they had to pay the employees more money…they depend on tip's..I have been going 2006 I no longer believe in them..I received no notice as I walked in last week? Even as they told me they e-mailed me as well as a home mail…I get notices all the time about??? How did you like your massage,as well as phone calls…I heard nothing about price increase …NOT HAPPY.  [*sic*]"[6]

"I signed up for a Massage Envy membership 3 months ago, and got an e-mail a couple of days ago, letting me know that the membership price was increasing by.99 cents.  I contracted for $59.00 per month, NOT 59.99 per month.  WTF? Gonna cancel, if they increase before the end of my contract. [*sic*]"[7]

".  .  . Now, Massage Envy Mira Mesa has decided to raise all their rates across the board and they are no longer honoring grandfathered rates.  The owner, Joe Wang, himself claimed that he has a right to refuse service to anyone, even a person with a valid, contracted ME membership because their rates are too low and he has to run a business.  I don't see how this is acceptable to Massage Envy Corporate, and it is surely a poor business practice .  .  .  [*sic*]"[8]

28.    Accordingly, the subject of this complaint is not an isolated problem. Millions of individuals have suffered from Defendant's failure to abide by the proper contractual obligations and deserve a remedy.

---

[5] http://massageenvyblows.com/no-go/
[6] http://massageenvyblows.com/change/
[7] http://massageenvyblows.com/can-they-do-this/
[8] https://www.yelp.com/biz/massage-envy-mira-mesa-san-diego

## CLASS ACTION ALLEGATIONS

29.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class comprised of all persons in New York who, within the applicable statute of limitations preceding the filing of this action, who were or are presently enrolled in a Massage Envy membership and whose monthly membership fee was increased above the amount stated in their Membership Agreement.

30.     Excluded from the Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

31.     Plaintiff nevertheless reserves the right to divide into subclasses, expand, narrow, or otherwise modify the class definition prior to (or as part of) filing a motion for class certification.

32.     The members in the proposed class and subclass are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court. Fed. R. Civ. P. 23(a)(1). While the exact number of Class members is unknown to Plaintiff at this time and will be ascertained through appropriate discovery, Plaintiff is informed and believes that there are hundreds of thousands of members in the Class. Defendant requires each of their clinics to install Massage Envy's proprietary software called "Millennium 2009" (or the current update), which Massage Envy sublicenses to its franchised clinics.       This software can be used to monitor memberships, for management and accounting, point of sale, cash register, and credit card processing functions.       Massage Envy has independent, unlimited access to the

information generated and tracked by the computer systems at its franchised clinics, including information generated from Millennium 2009 (or a current update). Thus, Defendant can readily obtain information to identify members of the Class, as well as the amount by which Class members' monthly fees were increased and the amounts paid by each member in excess of the amount stated in his/her Membership Agreement.    Members of the Class can be identified from the records maintained by Defendant.

33.    There are questions of law and fact common to the class, Fed. R. Civ. P. 23(a)(2), which Plaintiff may seek to litigate on an individual basis pursuant to Fed. R. Civ. P. 23(c)(4), including without limitation, that Each putative member of the Class contracted with Defendant to pay a set monthly membership fee which can be deducted from the amounts actually paid by each Class member to determine class-wide restitution and/or damages.

34.    Plaintiff's claims are typical of the claims of the other members of the putative Class. All Class members have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein, in violation of law. Plaintiff has no interests adverse to the Class.

35.    Plaintiff will fairly and adequately protect the Class members' interests and has retained counsel competent and experienced in consumer class action lawsuits and complex litigation.

36.    Defendant has acted with respect to the putative Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all members of the Class and predominate over any questions wholly affecting an individual Class member. There is a well-defined community of interest in the questions of law and fact involved in the

action, affecting all members of the Class. The questions of law and fact common to the members of the Class include, *inter alia*:

(a) Did Defendant's unilateral increase of the monthly membership fees violate the stated membership fee clause and/or payment schedule of Defendant's Membership Agreement;

(b) Did Defendant's unilateral increase to the monthly membership fees violate the implied covenant of good faith and fair dealing attaching to the Membership Agreement;

(c) Whether Plaintiff and the Class members are entitled to declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Massage Envy's Membership Agreement does not entitle Defendant to unilaterally increase the monthly membership fees of Plaintiff's and the Class members;

(d) The nature and extent of damages, restitution, equitable remedies, and injunctive relief to which Plaintiff and the Class members are entitled;

(e) Whether and the amount Plaintiff and the Class members should individually be awarded attorneys' fees and the costs of suit;

37.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

38.    Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the members of the Class as a whole.

39.    As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), and may be appropriate for certification "with respect to particular issues" under Rule 23(c)(4).

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### UNFAIR AND DECEPTIVE BUSINESS PRACTICES, N.Y. GEN. BUS. L. § 349

40.    Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

41.    Massage Envy's conduct constitutes deceptive acts or practices or false advertising in the conduct of business, trade or commerce or on the furnishing of services in New York which affects the public interest under N.Y. Gen. Bus. L. § 349.

42.    As alleged herein, by advertising, marketing, and selling their massage services to Plaintiff and other class members with false or misleading claims and representations regarding pricing, Massage Envy engaged in, and continues to engage in, deceptive acts and practices.

43.    Massage Envy's conduct was materially misleading to Plaintiff and the class.

44.    During the class period, Massage Envy's carried out a plan, scheme and course of conduct which was consumer oriented.

45.    As a direct and proximate result of Massage Envy's violation of N.Y. Gen. Bus. L. § 349, Plaintiff and the class were injured and suffered damages.

46.    The injuries to Plaintiff and the class were foreseeable to Massage Envy and, thus Massage Envy's actions were unconscionable and unreasonable.

47.    Massage Envy is liable for damages sustained by Plaintiff and the class to the maximum extent allowable under N.Y. Gen. Bus. L. § 349.

48.    Furthermore, pursuant to N.Y. Gen. Bus. L. § 349 (h), "In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

49.    Plaintiff further makes a claim for all of the above damages pursuant to N.Y. Gen. Bus. L. § 349 (h).

50.    Pursuant to N.Y. Gen. Bus. L. § 349(h), Plaintiff and the class seek an Order enjoining Massage Envy from continuing to engage in unlawful acts or practices, false advertising, and any other acts prohibited by law, including those set forth in this Complaint.

## SECOND CAUSE OF ACTION
## FALSE ADVERTISING, N.Y. GEN. BUS. L. § 350

51.    Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

52.     Massage Envy has engaged and is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, constituting false advertising in the conduct of any business, trade, or commerce, in violation of N.Y. Gen. Bus. L. § 350.

53.     Massage Envy's use of a lower monthly rate in marketing their massage services, and the manner in which Massage Envy markets their services, is deceptive in light of the fact that these monthly rates are increased without warning or notice and charged automatically, as described above.

54.     Massage Envy knew, or reasonably should have known, that marketing their services at the $59.00 per month rate, and the manner in which it markets its massages, was untrue or misleading.

55.     As a result of Massage Envy's false advertising, Plaintiff and the class have suffered and continue to suffer substantial injury, including damages, which would not have occurred but for the false and deceptive advertising, and which will continue to occur unless Massage Envy is permanently enjoined by this Court.

## THIRD CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

56.     Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

57.     Massage Envy misrepresented to Plaintiff and the class the pricing of their services, and omitted material facts concerning the true nature of the monthly charges.

58.     Massage Envy owed a duty to Plaintiff and the class to exercise reasonable care when issuing statements or disclosures regarding the monthly price increases.

59.     Massage Envy's statements and disclosures regarding the pricing of the services were likely to deceive Plaintiff and the class.

60.     Massage Envy's omissions of material information were likely to deceive Plaintiff and the class in that, had Massage Envy not omitted such material information, the disclosure of that information would have resulted in Plaintiff and the class acting differently, for example, not purchasing the massage services.

61.     Massage Envy's claims have influenced or are likely to influence future decisions of consumers and the buying public.  Plaintiff and the class, by purchasing the massage services, reasonably acted in reliance on the truth of Massage Envy's representations, and the absence of the material information that Massage Envy deceptively omitted.

62.     As a direct and proximate result of Plaintiff's and the class's reliance upon the representations made by Massage Envy, Plaintiff and the class have sustained damages and ascertainable loss.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL MISREPRESENTATION/FRAUD**

63.     Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

64.     Massage Envy has engaged and is engaging in intentional misrepresentation resulting in fraud.

65.     Massage Envy represented to the public, including to Plaintiff and the class, that the massage services would cost a lower monthly rate than actually charged.

66.     Massage Envy's representations were false and misleading.

67.    At the time Massage Envy made statements or representations regarding the nature and pricing of Massage Envy's services, Massage Envy knew that the statements and representations were false and misleading.

68.    Massage Envy made the misrepresentations alleged herein with the intention of inducing and persuading Plaintiff and the class to purchase Massage Envy's massage services.

69.    Massage Envy further withheld and omitted material information about the pricing of massage services with the intention of inducing and persuading Plaintiff and the class to purchase the services.

70.    Plaintiff and the class, by purchasing the services, reasonably relied on Massage Envy's false and misleading statements and misrepresentations, and on the absence of the material information that Massage Envy deceptively omitted.

71.    As a direct and proximate result of Massage Envy's intentional misrepresentations and deceptive omissions, Plaintiff and the class were induced to pay, and pay a premium for, Massage Envy's massage services.

72.    Plaintiff and the class were damaged through their reliance on Massage Envy's intentional misrepresentations and deceptive omissions and through their purchase and use of Massage Envy's massage services.

73.    N.Y. C.P.L.R. 213 states that for "an action based upon fraud; the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." Thus, the fraud and/or misrepresentation action falls within the applicable statute of limitations.

74.    Plaintiff's and the class's reliance on Massage Envy's statements and representations of the nature and pricing of the services was reasonable.  As a result, Massage Envy is guilty of malice, oppression, and fraud, and Plaintiff and the class are therefore entitled to recover exemplary or punitive damages.

## FIFTH CAUSE OF ACTION
## RESTITUTION

75.    Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

76.    By virtue of deceptive and unlawful business practices, Massage Envy charged and received payment for massage services.  Massage Envy should not be permitted to retain those payments in equity and good conscience, as those payments were obtained in contravention of the law.  To permit Massage Envy to retain those payments would wrongfully confer a benefit upon Massage Envy at the expense of Plaintiff and the class.

77.    Under the circumstances, it would be inequitable for Massage Envy to retain these ill-gotten benefits, and therefore restitution to Plaintiff and the class is warranted.

## <u>PRAYER FOR RELIEF</u>

78.    Wherefore, Plaintiff, on behalf of themselves, all others similarly situated, and the general public, pray for judgment against Massage Envy as to each and every cause of action, and the following remedies:

a.    An Order certifying this action as a class action, appointing Plaintiff as Class Representative, appointing their counsel as Class Counsel, and requiring Massage Envy to bear the cost of class notice;

b.      An Order enjoining Massage Envy from increasing monthly charges to customers without advanced written notice;

c.      An Order requiring Massage Envy to pay restitution to restore funds that may have been acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the statutes cited herein;

d.      An Order requiring Massage Envy to pay all statutory, compensatory, and punitive damages permitted under the causes of action alleged herein;

e.      An Order requiring Massage Envy to disgorge or return all monies, revenues, profits, or other unjust enrichment obtained by means of any wrongful or unlawful act or practice;

f.      Pre- and post-judgment interest;

g.      Costs, expenses, and reasonable attorneys' fees; and

h.      Any other and further relief as may later be requested, or which the Court deems necessary, just, or proper.

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

Dated: August 15, 2018               _____/s/ Ishan Dave_____

**DEREK SMITH LAW GROUP, PLLC**
ISHAN DAVE
*Ishan@dereksmithlaw.com*
ABRAHAM Z.  MELAMED
*Abe@dereksmithlaw.com*
DEREK T.  SMITH
*dtslaws@msn.com*
1 Pennsylvania Plaza, suite 4905
New York, New York 10119
Phone: (212) 587-0760

**MENASHE AND ASSOCIATES LLP**
CHEZKY MENASHE
*chezki@menashelegal.com*
400 Rella Blvd
Montebello, NY 10901
Phone: (845) 520-9220

***Counsel for Plaintiff and the Proposed Class***