IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LAPA,<br>    Plaintiff,<br>v.<br>MASSAGE ENVY FRANCHISING, LLC,<br>    Defendant. | Case No. 19-cv-02694-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY; VACATING HEARING**<br><br>Re: Dkt. No. 48 |

    Before the Court is defendant Massage Envy Franchising, LLC's ("MEF") Motion, filed July 19, 2019, "to Stay Proceedings Pending Settlement in Related Case." Plaintiff David Lapa ("Lapa") has filed opposition, to which MEF has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for August 23, 2019, and rules as follows.

    In the instant action (hereinafter, "Lapa Action"), Lapa alleges that in 2011 he entered into a "Membership Agreement" with MEF (see Compl. ¶ 16), that the agreement required him to pay a "monthly membership fee" of $59.00, and that, in March 2018, MEF raised the monthly fee to $70.00 (see Compl. ¶ 17). According to Lapa, the agreement contains a provision he contends precludes MEF from raising the monthly fee. (See Compl. ¶¶ 1-2, 22-23.) Based on said allegation, Lapa, who seeks to proceed on behalf of a class "comprised of all persons in New York who . . . were or are presently enrolled in a Massage Envy membership and whose monthly membership fee was increased

//

above the amount stated in their Membership Agreement" (see Compl. ¶ 29),[1] asserts five causes of action, titled, respectively, "Unfair and Deceptive Business Practices, N.Y. Gen. Bus. L. § 349," "False Advertising, N.Y. Gen. Bus. L. § 350," "Negligent Misrepresentation," "Intentional Misrepresentation/Fraud," and "Restitution."

The Lapa Action is related to another action pending before the undersigned, specifically, McKinney-Dropnis v. Massage Envy Franchising, LLC, Case No. 16-6450 MMC ("McKinney Action") (see Related Case Order, filed June 19, 2019), wherein the plaintiffs assert claims based on the same set of facts alleged in the Lapa Action, specifically, that MEF raised their monthly fee in violation of the same contractual provisions at issue in the Lapa Action.

On June 7, 2019, the Court, in the McKinney Action, preliminarily approved a nationwide class settlement agreement, and, in so doing, conditionally certified a class comprising "[a]ll members of an ME location since November 4, 2006, whose monthly membership fee has been increased above the amount stated in their Membership Agreement . . . prior to [June 7, 2019]." (See Order, filed June 7, 2019, ¶ 3.)

By the instant motion, MEF seeks an order staying the above-titled action, pending the Court's decision as to whether to grant final approval of the settlement agreement in the McKinney Action.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings pending resolution of another action, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay," including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being

---

[1] Lapa, a resident of New York (see Compl. ¶ 11), alleges he "bought a Massage Envy membership" in New York (see Compl. ¶ 16).

1 required to go forward," and (3) "the orderly course of justice measured in terms of the
2 simplifying or complicating of issues, proof, and questions of law which could be
3 expected to result from a stay." See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th
4 Cir. 2005) (internal quotation and citation omitted).

Here, the Court considers at the outset the last of the above-referenced three factors. There is no dispute that Lapa, as well as all members of the putative class in the Lapa Action, is a member of the class conditionally certified in the McKinney Action.[2] Under such circumstances, if the Court were to grant final approval of the McKinney Action settlement, that order would not only simplify the issues, proof, and questions of law presented by the Lapa Action, but would fully resolve them. In particular, under the terms of the settlement agreement, class members must release all claims based on "an increase of the monthly Membership fee additional to the amount initially stated by the Membership Agreement" (see Krinsky Decl. Ex. D at 9), and, as noted above, the claims in both the McKinney Action and the Lapa Action are based on that same assertion. See Hesse v. Sprint Corp., 598 F.3d 581, 590-91 (9th Cir. 2010) (explaining court-approved class action settlement agreements bar class members from asserting claims based on "same set of facts as the claims that gave rise to the settlement"; citing cases). In the absence of a stay, resources likely will be expended by the parties and the Court in the Lapa Action in connection with such matters as the initial disclosures, the case management conference, and any challenge to the complaint[3] -- all of which would be unnecessary if final approval of the settlement is granted.

Accordingly, the third factor strongly weighs in favor of a stay.

The remaining factors require the Court to consider whether Lapa would be harmed by a stay and whether MEF would be harmed in the absence of a stay. These

---

[2]Lapa states he intends to object to the terms of the settlement (see Pl.'s Opp. at 1:25-26), thereby indicating he does not intend to opt out. See Fed. R. Civ. P. 23(e)(5) (providing "class member" may object to proposed settlement).

[3]MEF has not yet filed a response to the complaint.

3

factors also weigh in favor of a stay. Although Lapa argues he would be prejudiced by a stay of "indeterminate" length (see Pl.'s Opp. at 3:11-12), the final approval hearing in the McKinney Action is scheduled for November 1, 2019 (see Order, filed June 3, 2019, ¶ 23). Consequently, the proposed stay would last approximately two and half months, and Lapa fails to identify any prejudice likely to result from a stay of such limited duration. By contrast, if the requested relief is not granted, MEF will be required to expend resources to defend a class action that, although pending court approval, it already has settled.

Accordingly, a stay of the instant action is warranted.

## CONCLUSION

For the reasons stated above, MEF's motion for a stay is hereby GRANTED, and the above-titled action is hereby STAYED, pending the Court's decision as to whether to grant final approval of the settlement agreement in the McKinney Action.

**IT IS SO ORDERED.**

Dated: August 19, 2019

MAXINE M. CHESNEY
United States District Judge